**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

ALEXANDER HARRIS,              )
                                   )
                Plaintiff,      )
                                   )
v.                                )      Case No. 22-cv-2489-HLT-TJJ
                                   )
UNITED STATES DEPARTMENT OF     )
VETERANS AFFAIRS, Secretary of, et al.,   )
                                   )
                Defendants.    )

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Defendant's Motion to Compel (ECF No. 65). Defendant seeks an order pursuant to Fed. R. Civ. P. 37 overruling Plaintiff's objections and compelling Plaintiff to respond to Interrogatory Nos. 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 17, and 19, and overruling Plaintiff's objections and compelling Plaintiff to produce documents responsive to Defendant's Request for Production of Documents Nos. 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 23, and 27. For the reasons set forth below, as discussed at the January 16, 2024, Final Pretrial Conference, Defendant's motion is granted in part.

## I.      Factual Background

Plaintiff brought this lawsuit alleging that, during the scope of his employment, Defendant engaged in discriminatory, retaliatory, and harrassing behavior toward Plaintiff based on race and disability. On September 26, 2023, Defendant served its First Request for Production of Documents and First Set of Interrogatories. Plaintiff served his responses to Defendant's First Request for Production of Documents and Defendant's First Set of Interrogatories on October 27, 2023, asserting numerous objections. After attempting to discuss the matter over the phone, on November 9, 2023, Defendant sent Plaintiff a golden rule letter providing him with specific

responses to his objections. On November 20, 2023, the parties conferred, and Plaintiff informed the Defendant he had been hospitalized in November and was unable to read or respond to the golden rule letter. The parties conferred again on December 6, 2023, after allowing Plaintiff additional time to review the golden rule letter. Unable to agree, the parties sought the assistance of the court.

On December 12, 2023, the Court held a discovery hearing and provided guidance to Plaintiff regarding Defendant's discovery requests. The Court encouraged Plaintiff to respond to Defendant's Interrogatories and produce responsive documents no later than December 19, 2023. In addition, the Court granted Defendant leave to file, by December 19, 2023, a motion to compel with respect to Plaintiff's October 27, 2023 discovery responses. On December 18, 2023, Plaintiff provided Defendant with updated discovery responses, abandoning many of his previously lodged objections, and produced a set of documents. On December 19, 2023, Defendant filed its Motion to Compel, and it is now fully briefed.

## II.        Legal Standards

Federal Rule of Civil Procedure 37(a)(3)(B) permits a party seeking discovery to move for an order compelling an answer, designation, production, or inspection. The motion may be made if a party fails to produce documents as requested under Rule 34.[1] An evasive or incomplete disclosure, answer, or response is treated as a failure to disclose, answer, or respond.[2]

The party filing the motion to compel need only file the motion and draw the court's

---

[1] Fed. R. Civ. P. 37(a)(3)(B)(iv).

[2] Fed. R. Civ. P. 37(a)(4).

attention to the relief sought.[3] At that point, the burden is on the nonmoving party to support its

objections with specificity and, where appropriate, with reference to affidavits and other evidence.[4]

Federal Rule of Civil Procedure 26(b)(1) sets out the general scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to
> any party's claim or defense and proportional to the needs of the case, considering
> the importance of the issues at stake in the action, the amount in controversy, the
> parties' relative access to relevant information, the parties' resources, the
> importance of the discovery in resolving the issues, and whether the burden or
> expense of the proposed discovery outweighs its likely benefit. Information within
> this scope of discovery need not be admissible in evidence to be discoverable.

The information sought must be nonprivileged, relevant, and proportional to the needs of the case

to be discoverable.[5]

## III.      Disputed Discovery

### A.      Interrogatory Nos. 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, and 19

Defendant's Interrogatory Nos. 3-14 and 19 request Plaintiff provide the specific material

facts that support his various claims in this case. In response, Plaintiff objects based "on the

grounds that it seeks repetitive information that is already in the possession of the Agency and

outlined in the Plaintiff's complaint." Further, in each response, Plaintiff refers Defendant to

different documents he has produced throughout the course of this case that contain the

information Defendant requests.

Defendant seeks to compel Plaintiff to fully answer Interrogatory Nos. 3-14 and 19 by

writing his fully responsive answers to the interrogatories instead of merely referring to documents

---

[3] *Williams v. Sprint/United Mgmt. Co.*, No. 03-2200-JWL, 2005 WL 731070, at *4 (D. Kan. Mar. 30, 2005).

[4] *Id.*

[5] *No Spill, LLC v. Scepter Canada, Inc.*, No. 2:18-CV-2681-HLT-KGG, 2021 WL 5906042, at *3 (D. Kan. Dec. 14, 2021).

for the Defendant to review and ascertain the answer. In response to the motion to compel, Plaintiff generally argues he has adequately responded to the interrogatories, Defendant is seeking information that goes beyond what is required and attempts to ascertain Plaintiff's work product, and the information requested is repetitive and Defendant could obtain the information in another way.

First, the Court finds that Plaintiff has not adequately responded to Interrogatory Nos. 3-14 and 19. "It is well settled that a party may not answer an interrogatory by generally referring to pleadings filed in the case or depositions taken in this or other cases."[6] "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."[7] Here, in response to each interrogatory, Plaintiff did not craft a single answer, but merely directed Defendant to refer to specific documents to ascertain the answer to the question. Therefore, Plaintiff's responses to Interrogatory Nos. 3-14 and 19 are not proper.

Second, Defendant is not seeking information that goes beyond what is required. As mentioned during the December 12, 2023 Discovery Hearing, the Court instructed Plaintiff that contention interrogatories are appropriate. "Requests for opinions or contentions that call for the application of law to fact are proper, and an interrogatory may properly inquire into a party's contentions in the case. These types of interrogatories, known as 'contention interrogatories,' may be used to narrow and define the issues for trial."[8] Defendant's Interrogatory Nos. 3-14 and 19 ask that Plaintiff provide the factual contentions that support his claims in the case. These are proper

---

[6] *Lipari v. U.S. Bancorp, N.A.*, No. CIV.A. 07-2146-CM-DJ, 2008 WL 2704473, at *1 (D. Kan. July 8, 2008), objections overruled sub nom. *Lipari v. US Bancorp NA*, No. CV 07-2146-CM, 2008 WL 11381811 (D. Kan. Oct. 10, 2008).

[7] Fed. R. Civ. P. Rule 33(b)(3).

[8] *Johnson v. Kraft Foods North America, Inc.*, 236 F.R.D. 535, 544 (D. Kan. 2006).

contention interrogatories.

Third, Plaintiff's factual contentions that support his claims in this case cannot be obtained in another way. Plaintiff referred Defendant to other documents he has produced which presumably would contain factual contentions that would support his claims, but it is not Defendant's burden to sift through Plaintiff's documents to understand the factual bases for Plaintiff's claims in this case. Defendant's requests are not repetitive merely because the facts requested may be contained in other documents produced by Plaintiff. Defendant is requesting specific material facts that Plaintiff intends to use to support his various claims. Thus, Defendant's motion to compel a response with respect to Interrogatory Nos. 3-14 and 19 is granted, and Plaintiff must provide a written response to each without merely referring Defendant to other documents.

**B.      Interrogatory No. 17**

Defendant's Interrogatory No. 17 asks that Plaintiff:

> Identify by category all damages or relief (for example, back pay, front pay, compensatory damages, instatement, attorneys' fees, costs, interest, etc.) you seek in conjunction with this matter, including separately identifying those amounts sought for past and future damages where applicable, and for each category identify the specific amount or relief you demand, how you calculate the amount you seek, and why you believe you are entitled to that category of damages or relief.

In response, Plaintiff objected and answered, "Subject to and without waiving the objection, the Plaintiff states that the Defendant should refer to Plaintiffs Interrogatory Exhibits #1 A – 1W and ROI pg. #1-492. The Plaintiff objects to this interrogatory on the grounds that it seeks repetitive information that . . . is already in the possession of the Agency." Plaintiff then listed the damages information contained in his Supplemental Complaint.[9]

Defendant requests that the Court compel Plaintiff to respond to the Interrogatory and

---

[9] ECF No. 1-2.

overrule Plaintiff's objections. Again, Plaintiff generally argues he has adequately responded to the Interrogatory. Plaintiff merely copied and pasted the damages section from his Complaint. Defendant requested that Plaintiff state how he calculated his damages and why he believes he is entitled to each category of damages. Plaintiff did not do so, and as stated above, repetitive information is not a valid basis for objecting to an interrogatory when Plaintiff is directing Defendant to ascertain the information from other documents. Therefore, Plaintiff must respond to Interrogatory No. 17 and provide how he calculated his damages and why he believes he is entitled to each category of damages. During the Final Pretrial Conference, Plaintiff explained that he believes he is entitled to compensation for lost wages because he is totally disabled and unable to work. This should be included in Plaintiff's written answer to Interrogatory No. 17.

C.   **Request for Production of Documents Nos. 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 23, and 27**

Request for Production of Documents Nos. 4-18, 23, and 27 request that Plaintiff produce documents that support his claims in this case. Plaintiff objected to the requests on the grounds that they seek repetitive information that it is already in the possession of the Agency and outlined in the Plaintiffs complaint. Plaintiff again, in response to each request, refers to other documents produced throughout the course of this case.

Federal Rule of Civil Procedure 34(b)(2)(C) states, "An objection must state whether any responsive materials are being withheld on the basis of that objection." While Plaintiff may refer to documents already produced in response to a Request for Production, if he maintains an objection, he must state whether he is withholding any documents. Because Plaintiff did not so state for Requests for Production Nos. 4-18 and 23, he must respond to each request and clarify whether he is withholding any nonprivileged responsive documents. However, Plaintiff did not

object to Request for Production No. 27 and referred Defendant to Plaintiff's Interrogatory Exhibits #1 A – 1W. Therefore, the Court will not compel Plaintiff to produce documents responsive to RFP No. 27.

### D.      Request for Production No. 29

Defendant's Request for Production No. 29 asks Plaintiff, "If you have ever pled guilty to, or been convicted of, a felony, [produce] all documents associated with that plea or felony conviction, including all documents which may impact your ability to hold a law enforcement or law enforcement-adjacent position." Plaintiff did not answer or object to Request for Production No. 29, and he did not address the request in his response brief.

Because Plaintiff did not object to Request for Production No. 29, he has waived any objection.[10] Therefore, the Court grants Defendant's motion to compel as it relates to their Request No. 29.[11]

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel (ECF No. 65) is granted in part as to Defendant's Interrogatory Nos. 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 17, and 19, and Defendant's Request for Production of Documents Nos. 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 23, and 29.

**IT IS FURTHER ORDERED** that <u>**by January 26, 2024**</u>, Plaintiff must answer the referenced interrogatories and produce documents responsive to the referenced Requests for Production as ordered herein.

---

[10] *See* Fed. R. Civ. P. 35(b)(4).

[11] The Court finds that Plaintiff's objections are substantially justified and thus declines to order payment of Defendant's reasonable expenses incurred in making this motion. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii).

IT IS SO ORDERED.

Dated January 17, 2024 at Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge